UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YADIRA HERNANDEZ-PAZ,

Petitioner,

v.

Case No. 2:26-cv-2410-KCD-KRH

WARDEN OF COLLIER COUNTY JAIL, ACTING SECRETARY MARKWAYNE MULLIN,

Respondents.

______________________________/

**ORDER**

Petitioner Yadira Hernandez-Paz has filed a habeas corpus petition challenging her detention by U.S. Immigration & Customs Enforcement. (Doc. 4.) She claims that the Attorney General is holding her without a bond hearing in violation of the Immigration and Nationality Act ("INA") and the Fifth Amendment. Respondents concede that Petitioner is entitled to a bond hearing under Eleventh Circuit precedent. (Doc. 7.)

Petitioner seemingly demands her immediate release from custody. But that is not something the Court will do. "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Petitioner is an alien without lawful status. So she is entitled to a bond hearing under § 1226(a), not immediate release. *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025). Consistent with the "comfortable majority position," the Court will

instead require the Government to provide Petitioner with the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

To the extent Petitioner also seeks relief under the Fifth Amendment, or any other theory, such claims are not addressed "given that the Court [is granting] the relief [she is entitled to] based on its interpretation of the applicability of § 1226(a)." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025). If the Government does not provide Petitioner with a bond hearing as ordered or she remains in custody, she can renew any other claims in a subsequent suit.

Accordingly, the Amended Petition for Writ of Habeas Corpus (Doc. 4) is **GRANTED IN PART AND DENIED IN PART**. The Court orders the Government to provide Petitioner with the statutory process required under § 1226, which includes a bond hearing. All other relief is **DENIED**. The Clerk is directed to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on September 15, 2026.

Kyle C. Dudek
United States District Judge